UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARUNEE CHANNAKORN,<br><br>    Plaintiff,<br><br>v.<br><br>NORTHWEST COLLECTORS INC.,<br><br>    Defendant. | Case No. 1:21-cv-00468 |

## COMPLAINT

**NOW COMES** Plaintiff, ARUNEE CHANNAKORN, through undersigned counsel, complaining of Defendant, NORTHWEST COLLECTORS INC., as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. ARUNEE CHANNAKORN ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 1N120 Delano Street, Carol Stream, Illinois 60188-2254.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. NORTHWEST COLLECTORS INC. ("Defendant") is a corporation organized and existing under the laws of the state of Illinois.

1

7. Defendant has its principal place of business at 3601 Algonquin Road, Rolling Meadows, Illinois 60008.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Plaintiff received medical services from Associated Pathology Consultants, S.C. at a cost of $291.63.

11. Plaintiff's $291.63 account balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

12. As result of financial hardship, Plaintiff was not able to make payment(s) towards her $291.63 account balance.

13. On March 31, 2020, Plaintiff filed a voluntary petition for relief under Chapter 7, Title 11, United States Code.[1]

14. The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from debtor by mail, phone, or otherwise.

15. The schedules filed by Plaintiff included Associated Pathology Consultants, S.C. on Schedule F – Creditors Who Have Unsecured Claims.

---

[1] Ch-7 JSB 20-08604 Arunee Channakorn

16.     On April 3, 2020, the Bankruptcy Noticing Center issued a Certificate of Notice, certifying, under penalty of perjury, that it sent notice of Plaintiff's Chapter 7 bankruptcy case by first class mail to Associated Pathology Consultants, S.C., P.O Box 88087, Chicago, Illinois 60680-1087 on April 3, 2020.

17.     Subsequently, Plaintiff's $291.63 account balance was referred for collection.

18.     Defendant mailed Plaintiff a letter, dated April 17, 2020 (the "Letter"), which stated:

April 17, 2020

ARUNEE CHANNAKORN
1N120 DELANO ST
CAROL STREAM, IL 60188-2254

| ACCOUNT SUMMARY | |
|---|---|
| Original Creditor | |
| ASSOCIATED PATHOLOGY CONSULTANTS, SC | |
| Account No. | Amount |
| 839035 | $291.63 |

CREDIT BUREAU NOTIFICATION

Payment in full must be made immediately to
Prevent your account from being reported to
Equifax, Experian and Transunion.

Contact our office at once if you wish to avoid this
Action.

Sincerely,

*Abby White*

COLLECTION SUPERVISOR

NORTHWEST COLLECTORS INC. IS A COLLECTION AGENCY.
THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THIS PURPOSE.

19.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

20.     The Letter stated "[p]ayment in full must be made immediately."

21.     The Letter stated "THIS IS AN ATTEMPT TO COLLECT A DEBT."

**DAMAGES**

22. The FDCPA seeks to protect debtors from "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

23. Courts have long recognized that bankruptcy is intended to "relief the honest debtor from the weight of oppressive indebtedness and permit him to start afresh." *In re Renshaw*, 222 F.3d 82, 86 (2d Cir. 2000) (quoting *Williams v. U.S. Fidelity & Guar. Co.*, 236 U.S. 549, 554-555, 59 L. Ed. 713, 35 S. Ct. 289 (1915)).

24. The automatic stay is *one of the fundamental debtor protections provided by the bankruptcy laws*. It gives the debtor a breathing spell from her creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the pressures that drove them into bankruptcy.

25. Defendant's unlawful collection practices have deprived Plaintiff of one of her fundamental protections and led Plaintiff to believe her bankruptcy was for naught—causing anxiety, concern, confusion, and mental anguish..

26. The harm to Plaintiff is obvious – denying Plaintiff the ability for new beginnings—without feeling harassed.

27. Concerned with having had her rights violated, Plaintiff engaged counsel—expending time and incurring attorney's fees to vindicate her rights.

**CLAIMS FOR RELIEF**

**COUNT I:**
**Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**

28. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation of 15 U.S.C. § 1692e**

29. Section 1692e provides:

   A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

   (2)  The false representation of –

      (A)  the character, amount, or legal status of any debt.

   (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

30. The Letter asserted that Plaintiff's $291.63 account balance was due immediately.

31. But at the time the Letter was sent, Plaintiff's $291.63 account balance *was not* due and *was not* immediately collectible due to the automatic stay.

32. It seems clear, then, that the Letter misrepresented the legal status of Plaintiff's $291.63 account balance, and used false representation(s) to collect or attempt to collect Plaintiff's debt in violation of 15 U.S.C. §§ 1692e(2)(A) and e(10). *See Randolph v. IMBS, Inc*., 368 F.3d 726, 728 (7th Cir. 2004) ("[A] demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (or discharge injunction), it is not.")

33. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A) and e(10) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

   (1)  any actual damage sustained by such person as a result of such failure;

  (2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

  (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Defendant violated 15 U.S.C. §§ 1692e(2)(A) and e(10);

B. award any actual damage sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: January 27, 2021          Respectfully submitted,

**ARUNEE CHANNAKORN**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com